All right our next case is number 19-13537 Thomas Reynolds v. Behrman Capital IV L.P. et al. Mr. Bensinger. Thank you your honor may it please the court. Bill Bensinger for Tom Reynolds chapter 7 trustee for the aetherotech bankruptcy estate. The district court below dismissed the jurisdiction over the defendants because of the derivative jurisdiction doctrine. After giving the trustee an opportunity to amend his complaint the court dismissed the amended complaint finding that the court did not have personal jurisdiction over the defendants named in the amended complaint because those defendants did not have sufficient minimum contacts with the state of Alabama. Both of these dismissals were an error and the trustee asked this court to reverse for three reasons. First the district court had jurisdiction personal jurisdiction over the defendants in the original complaint because the court had subject matter jurisdiction pursuant to section 1334b that is bankruptcy related to jurisdiction and therefore the federal rules of bankruptcy procedure apply including rule 7004 which provides for nationwide service process. Second nothing in the derivative jurisdiction doctrine negates or implicates the court's personal jurisdiction because the derivative jurisdiction doctrine at best concerns only subject matter jurisdiction. Let me stop you there. I think you are right that the Supreme Court has not applied the derivative jurisdiction doctrine specifically with regards to personal seems to encompass personal jurisdiction. What are we supposed to do about that language as a lower court? Well your honor the context of Lambert is important for understanding that language. In the context of Lambert the court was dealing with two issues of subject matter jurisdiction not personal jurisdiction. The first issue this federal statute under which the plaintiff brought the case in state court provided for a federal forum was the only place where the court or where the plaintiff could sue. The second issue was that the United States as an indispensable party had not waived its sovereign immunity in state court. Both of those are issues of subject matter jurisdiction. The United States Supreme Court and United States versus Mitchell has said that the government's failure to waive or refusal to waive sovereign immunity is an issue of subject matter jurisdiction. This court and Lichtenberg versus the Secretary of the Navy said the same thing. The federal government's refusal to waive sovereign immunity is an issue of subject matter jurisdiction. So when the Supreme Court in Lambert used the phrase jurisdiction over the subject matter or the parties the parties that the party that the court was referring to the context of that case was the United States as a party that had not waived its sovereign immunity and that is an issue of subject matter jurisdiction. So the context gives this court the clue that it needs to understand that derivative jurisdiction in Lambert didn't have anything to do with personal jurisdiction and considering the the other removal provisions specifically 1447 and 1448 in that context also points to the fact that derivative jurisdiction does not have anything to do with personal jurisdiction. Consider the following hypothetical your honor that a plaintiff sues a defendant in state court and before the plaintiff is able to sue to serve the defendant the defendant removes the case to district court. Under the appellee's broad interpretation of the derivative jurisdiction doctrine the district court would not have any jurisdiction the district court would not have jurisdiction personal jurisdiction because the state court having never perfected its personal jurisdiction never had jurisdiction and that's not what I don't think that hypothetical works because you're not looking at what the state court actually did before removal because removal could take place instantaneously so I'm not sure hypothetical works. Well your honor that was the the situation that the uh the appellees or at least that fund four sites to in in their brief on page 28 in the case of Myers versus Indian Hill. The court there said that if there is a defect in the in the state court uh service of process then the the court on appeal or the court on removal can't have jurisdiction. Again though that that mitigates or that that goes against what the context of Lambert number one but also it goes against the provisions of section 1447 and 1448 that deal with the process and procedures after removal and the court's ability to to perfect service a process after removal. The third circuit in Quither Road versus Firestone Tire and Rubber said quote the concept of derivative jurisdiction that commands dismissal is properly limited to of section 1448 make this observation clear end quote. So the court the third circuit in Quither Road recognized that if the derivative jurisdiction doctrine implicates personal jurisdiction then 1447 1448 are by and large nullities that's not what congress intended when it passed those uh those statutes and the court therefore there's nothing in the the court's personal jurisdiction over these defendants and the court had personal jurisdiction over the defendants when the defendants removed this case from the state court to the federal court the federal court the district court had subject matter jurisdiction under section 13 section 1334b that is related to bankruptcy jurisdiction and this court has said in Rosenberg that when a court even a district court is sitting with bankruptcy related to jurisdiction that the federal rules of bankruptcy procedure apply and those rules include rule 7004 which provides for nationwide service of process the supreme court is instructed and this court has followed that when there is a federal statute or in this case a federal rule that provides for nationwide service of process then the minimum contacts analysis is performed under the fifth amendment not the 14th amendment and the court is to look to the defendant's contacts with the united states as a whole as the fourth circuit put it in Celotex quote the question of whether a defendant has minimum contacts with a state court is irrelevant this is because when a federal when a case is before a federal court with related to jurisdiction the sovereign exercising authority is the united states not an individual state where the district court is sitting in quote has any has any other court limited the derivative jurisdiction doctrine expressly to subject matter jurisdiction like you say the third circuit has you are the current trend uh with regard to derivative jurisdiction doctrine is that it doesn't have anything to do with subject matter jurisdiction or personal jurisdiction at all most courts that have analyzed it for instance the fifth circuit and mullins have said that it doesn't have anything to do with jurisdiction it is rather a defect in the removal process and other courts that have they're bound by those holdings have taken that one step further and said for instance the district court for the district of new jersey in cofield versus the department of justice the court said that if it is a a defect in the removal process then the removing defendant cannot create that defect that removal defect and then take advantage of it by seeking dismissal in effect the court in cofield said that the defect is waived by the defendant that doesn't move for dismissal in state court they're not the only court that's uh that has so held that uh in aguilar versus the department of veterans affairs the court also in the northern district of indiana said the same thing that a defendant can't when there is this defect as the seventh circuit is held when there is a defect in the removal process then the defendant can't create that defect and then take advantage of it by objecting to the court's jurisdiction i don't think the court in this case has to go so far as to find that that derivative jurisdiction is only an issue of a removal defect all the court has to do in this case is recognize the district court's error that made where the court said that derivative jurisdiction implicates personal jurisdiction the defendant if in case we get to it can you tell us a little bit about your third issue which is the transfer issue yes on the transfer issue there is a a presumption that cases are to be heard and decided on the merits and that did not happen here and to the extent that uh that the court the northern district of alabama did not have jurisdiction it would be appropriate in that case for the court to transfer the case to a court that does have jurisdiction the defendants here the primary defendants in terms of fraudulent transfer uh fund four and midcap have their presence in new york fund four is organized and existing under the laws of the state of delaware but its primary place of business is in new york the district court for the southern district of new york would absolutely have jurisdiction personal jurisdiction over the defendants to be able to hear uh this case uh there in new york but i don't think that that would be necessary your arm because this court the district court for the northern district of alabama does have jurisdiction over this case even if it didn't have jurisdiction under rules under rule 7004 which the trustee that 7004 provides even if the court had to uh to rely just on the traditional specific jurisdiction test for the calder effects test the court has jurisdiction the district court had jurisdiction here the court has jurisdiction under both specific jurisdiction and calder effects because of the the defendant's own conduct and the defendant's agent's conduct specifically several courts have recognized with regard to calder effects that the mere receipt of a fraudulent transfer is sufficient to satisfy the calder effects test uh the bankruptcy court for the district of new mexico and nra akbari made that finding relying in part on this court's holding in nordberg versus grand financiera that the the mere receipt of a fraudulent transfer alone is bankruptcy court there in new mexico is that the only court uh in eddie stone rios versus rail in the eastern districts of district of pennsylvania the court similarly found that the receipt of a fraudulent transfer is sufficient for uh the calder effects test uh ocean garden versus blessing in the district of arizona the court found that the receipt of a fraudulent transfer is sufficient under the calder effects test so these defendants received this 34 million dollar fraudulent transfer never giving any consideration in return that caused a harm here in alabama and the predators would not be able to have their judgments paid from at here in alabama from the debtor that's what the the court in the district of arizona against that in best western versus i-70 hotel so there there was a contact in the form of the receipt of this fraudulent transfer and there was a harm felt here in alabama and that is sufficient courts have said under the calder effects test because the court had jurisdiction under 7,004 upon removal because the court has jurors had jurisdiction under both the calder effects test and the specific jurisdiction test the court below aired and this court should reverse all right thank you very much mr bensinger mr batchelder good morning your honor uh may it please the court richard batchelder from ropes and gray and uh i'm appearing on behalf of fund four uh and also berman brothers and before i get into some of the questions that you just asked my brother let me just say who i represent and what they are fund four is a private equity fund um berman brothers is the general partner of the private equity fund neither of those entities has any employees or has any operations uh and that's an important point when we get to the jurisdictional issues but let me answer the question judge jordan that you asked mr bensinger uh you asked the supreme court is quite clear and it says in lambert uh that the derivative jurisdiction doctrine applies both to subject matter and the parties um and you asked mr benzinger as any court anywhere at any time ever read out of the supreme court's language the words of the parties and the answer that is no there is not a single case in fact not only do we have a century-old doctrine that goes back to 1922 the supreme court has used that exact same language in five cases as most recently as 1991 now it's true that those cases don't involve personal jurisdiction but the supreme court doesn't use words loosely and it's not up to lower courts to say well what did they mean when they said or of the parties they meant what they said and that's what it got but on the other on the other hand to play devil's advocate to my own position if the supreme court hasn't applied language to a specific set of facts i'm not sure that we're bound to follow that language as a strict precedent thing i think that's i i think respectfully your honor when the supreme court pronounces a doctrine as they did here uh and that doctrine has not been abrogated and that issue i think helps you in terms of understanding congressional intent here certainly the congress has on several occasions addressed the derivative jurisdiction doctrine in each time it has upheld it with respect to removals under 1452 so there's a conscious decision by congress to keep in place the doctrine as announced by the supreme court and the doctrine as announced by the supreme court has applicability in cases not necessarily on the facts of the case before the supreme court but broad applicability on the language that the supreme court uses and that's that's true for a number of different doctrines that the supreme court has followed because not every case is going to fit neatly in the same fact pattern and so when the supreme court announces a doctrine of broad application it is binding on lower courts that's what judge has addressed that issue has agreed and there are there are cases in the seventh circuit the block case the second circuit the meyer case the nice circuit the annistead case all these cases in those circuits all addressed on the facts the situation of the personal jurisdiction issue and not subject matter jurisdiction and all said that the language was binding on them and all right let me let me ask you to assume for a moment that we are not bound by the supreme court's language with regards to the parties how does the derivative jurisdiction doctrine make sense with regards to personal jurisdiction as opposed to subject matter jurisdiction well uh the derivative jurisdiction doctrine makes a lot of sense in the abstract uh and and specifically to the personal jurisdiction issue think about the whole point of a removal uh the case was brought here in state court the trustee had brought over 100 adversary proceedings in the bankruptcy court but for this case the trustee decided i want to get a little bit of extra leverage and i want to bring that case in state court uh and uh this was the second time he had done that he'd sued the directors and officers first and it was the day after that case settled that he filed this case which was on the eve of the statute of limitations so he rolled the dice filed in state court my clients which at the time there were 32 separate defendants that he sued uh all the defendants moved uh and removed the case as was their right now when you remove a case you should not be worse off than you were uh on jurisdictional issues than you were in the state court otherwise that would be uh punitive right so why is that why is that why should that be the case you you as a removing defendant understand what the state court's jurisdiction rules are and you presumably understand what the federal court's jurisdiction rules are and for one reason or another you choose to get into a federal forum because you think that'll be a better forum for you why don't you buy into the federal court's jurisdiction rules as to personal jurisdiction and and one of the federal court jurisdictional rules is a century-old doctrine uh announced by the supreme court that's been universally followed uh by every circuit court that has addressed the issue and so absolutely we were um using our right to remove the case and knowing what the uh doctrine applied that's why we raised it in the first instance this isn't one of the cases that went to judgment and then the defendants at that point after they lost said oh we've got a derivative jurisdiction argument that's not our case our case is we removed it we raised it right away judge axon said i'm bound by the supreme court said it five times as most recently as 91 congress has allowed that to stay in place every circuit court that stressed the issue has found that the derivative jurisdiction doctrine exists and applies uh to personal jurisdiction issues so when we removed it we weren't losing that argument we were gaining that argument because we were going to be in federal court and we had the federal uh derivative jurisdiction argument the trustee could have filed this case initially in the bankruptcy court and avoided all this he chose not to and he doesn't get to be better off because he made a tactical decision to file in state court and we exercised our right to remove it to federal court um and take advantage of the derivative jurisdiction doctrine that doctrine well you just said indicates that the derivative jurisdiction doctrine may not make any sense on the personal jurisdiction side no i'm not saying i think it makes sense if the trustee filed in federal court you said he would have had the court would have had personal jurisdiction right if if he had filed in bankruptcy court which is federal which is federal right federal bankruptcy court and this is where i get to the point here that i think is really important not to lose the trustee's tactical decision files so if he files i'm a chance to finish up but i don't want to lose this thought so if if he filed in federal bankruptcy court there would be jurisdiction over your clients but if he files in state court and the case gets removed to federal court under bankruptcy removal jurisdiction then the jurisdiction is gone it's it's very important point that you're making judge and this is why he's arguing that i can fix a problem after the fact by relying on rule 704 bankruptcy rules of civil procedure that once i'm in federal court i can fix the problem that exists in the state court he can't do that under the derivative jurisdiction doctrine no case has allowed that uh so what's what's what's happening here is we were in federal district court we were able to your your argument i'm sorry is uh i just want to understand it because the trustee made a tactical decision to file in alabama uh court in alabama state court the he could not transfer he can't get a do-over and argue now that the bankruptcy rule should apply he could have done that initially then you don't get to have a uh sort of like amending the complaint you don't get that opportunity exactly what happens judge is there's a point in time that you look at whether or not the jurisdiction exists and this is right in that wonderful quote from lambert from the supreme court if the state court lacks jurisdiction of the subject matter or of the parties the federal court acquires none it's a moment in time removal happens if the state court lacks it the federal court acquires none and that can't be fixed and the removal here it's important haven't the court said i think the supreme court said this that the federal rules of civil procedure apply when there's removal federal service of process applies when there's removal you can amend your complaint you know this doctrine doesn't prevent amendments to complain things like that right i mean you would concede that there that the federal rules apply to this absolutely so then if that's the case if the federal rules apply and if you remove this under bankruptcy related jurisdiction then i think we've said that the bankruptcy rules apply and if the bankruptcy rules apply then why doesn't this rule that allows nationwide service because before you get to the question of nationwide service of process you have to look at did the state court have jurisdiction of the parties at the time of the removal because the court acquired none so it's at a moment in time and and what if what if the parties hadn't been what if one of the parties hadn't been served right one of the parties that remember the other parties were moved what rule would govern services of process in that party that hadn't been served that happened here there were parties that have been served in the state court parties that hadn't been served in the state court it doesn't matter uh what matters so what rule would govern what what rule would tell you how to serve those parties well you first have to prevail on the derivative jurisdiction doctrine well watch i mean the parties haven't even been served yet so they're not even there it doesn't matter as judge uh jordan said earlier removal can happen lickety split um i guess my point is the parties haven't been served so they haven't even shown up to argue any sort of derivative jurisdiction well the way the way the sorry the way the removal statute works it's interesting and and it was like a tutorial to look at the at the arcane rules on this but you you remove on behalf of the parties that have been served okay that's how you remove it and all of them have to be in in unanimous agreement on the removal we had that and so everybody that had been served removed we then had the right to exercise um you know the derivative jurisdiction doctrine be in federal district court not bankruptcy court and whatever would happen going forward federal rules of evidence rules of civil procedure none of that matters to the because if it did think about it if it did then the derivative jurisdiction doctrine would be meaningless because you could always say well i can use rule 7004 now and i can serve everybody nationwide service process so i see my time is up yeah i finished you can you can finish up you can finish up go right ahead yes so if if if it were the case that you could say post removal during the argument on the derivative jurisdiction doctrine you know i can fix all this i've got this bankruptcy rule of civil procedure this case uh applies to bankruptcy rules and i'll just fix it and i'll just serve everybody under that that would mean the derivative jurisdiction doctrine would have no applicability ever in a case like this and no court no court has said that all right thank you very much Mr. Batchelder Mr. Pruder may it please the court my name is Charles Prader and i represent FLE MidCap sort of a forgotten party here on on this appeal on top of the arguments for affirmance based on the derivative jurisdiction doctrine and the lack of personal jurisdiction over MidCap based on the original complaint MidCap additionally and alternatively urges the court to hold that the trustee waived his right to appeal the dismissal of MidCap as well as the Berman limited partners or LPs who are situated similarly and here's why after the district court dismissed the original complaint without prejudice the trustee filed a motion to amend and represented to the court that he was dropping MidCap and the LPs the trustee said of primary importance the amended complaint drops MidCap financial and the limited partners as defendants the trustee then did in fact drop them from the amended complaint and proceeded only against the two main Berman parties now to be sure if the district court dismisses a claim on the merits or with prejudice the plaintiff may appeal that ruling later without including it in an amended complaint but this merits dismissal rule does not apply here the district court dismissed the original complaint on personal jurisdiction grounds and without prejudice this was not a final merits decision while the 11th circuit does not appear to have fully addressed the consequences of a non-merit dismissal the 3rd 4th 5th and 9th circuits have reasoned that when a district court dismisses a claim not on the merits without prejudice and a chance to amend then the plaintiff waives the right to appeal if it files an amended complaint omitting that claim in effect it's a non-appealable voluntary dismissal so that's the rule that applies here judge axon clearly pointed out the jurisdictional defect in her order which is document 107 she explained that although the trustee had argued to the court that midcap had quote business dealings in alabama the trustee had made no such factual allegations in the original complaint so can i ask you can i ask you a question yes your honor how does this play out let's say that this in a different sort of case because if we adopt your argument i think it's a very tricky thing to write so let me ask you the question this way if the district court dismisses a client a defendant without prejudice for lack of personal jurisdiction right tells the plaintiff you can amend but there are no more facts that the plaintiff can add to amend but the plaintiff has to amend as to the other defendants what happens to the dismissal of the first defendant that gets dropped i think that in in this situation the answer it can be found in in what unfolded here with the motion to dismiss and the motion to amend on on the part of the trustee i think the trustee could have cured the the defects identified by the district court with the actual factual allegations regarding the business dealings that had been represented to the district court in the motion to dismiss briefing uh no you may you may be right you about i'm concerned about the scenario where okay i'll you will use your client as an example the district court dismisses the first complaint for lack of personal jurisdiction right it dismisses the complaint for lack of personal jurisdiction as to a couple of other defendants too it tells the trustee to file an amended complaint the trustee files the amended complaint but it has nothing else it can add with regard to your client it does have things that can add with regard to the other defendants and the case goes on once there's a final judgment in that case as to the other defendants can the trustee appeal the dismissal of your client for lack of personal jurisdiction yes your honor and i think that the path forward there is one that's 473 f third 506 and the court there says that the plaintiff in that situation needs to make it clear that it is standing on its pleadings with respect to that defendant that that uh hypothetically would be in mid-caps position um perhaps a statement in the amended complaint perhaps a statement into the motion to amend where that is starkly contrasted with this situation however is where the trustee in the motion to amend explicitly represented to the court and announced to mid-cap and the lps that it was dropping those parties from the complaint and move forward uh having after having made that representation your honor can i ask you might have asked a question no not at all go right ahead so there's a case that this court um um issued called done where we said that the question in a situation like this is whether the amendment would have been futile uh given the district court's reasoning and so could you just address that is this a situation given judge axon's reasoning on the personal jurisdiction issue would it have been futile for the trustee to try to add add your client back in your honor to address the done case first that was a case at the district court that had been dismissed under rule 12b6 which by default operates as a decision on the merits that case also involved the omission of only a claim against the same party whereas in this case we have the omission of an entire party mid-cap the defendant and as the third circuit explained in the atkinson case the equitable principles of waiver should apply more strongly when you're dropping an entire party i think finally your honor with respect to what judge axon found here in her order she specifically identified this lack of a valid factual allegation regarding the business dealings in spite of the support personal jurisdiction so i think that the way forward and and a way that would comport with the done case from uh this court is would have been for the trustee to have amended the complaint to actually bring actual factual allegations regarding those business dealings or perhaps if if that representation regarding business dealings was somehow inaccurate perhaps to correct the record and represent them to the court that in fact there were no such business dealings and the trustee would simply be standing on its on its pleadings against mid-cap but that didn't happen we had instead an affirmative representation that mid-cap would be dropped all right thank you very much mr praetor mr bensinger you've got your rebuttal time mr bensinger i think you're on mute i just your honor may it please the court a text without a context is a pretext and that's what the defendants want this court to adopt the pretext that the supreme court's language or the parties in lambert means personal jurisdiction in a case where personal jurisdiction was not the issue my friend on the other side says the supreme court does not use words loosely but the mullins court the fifth circuit analyzing lambert said that they in fact do use words loosely they use the word jurisdiction rather loosely to they use the word jurisdiction in a to the extent that the phrase the parties does mean in lambert does mean personal jurisdiction it is dicta as this court recognized in bluebell versus k just two years ago dicta is not binding even dicta from the supreme court a judge brasher asks about a case where a defendant can amend after removal the case that i think that judge brasher was looking for was freeman versus b machine and in that case it started in state court got removed to federal court after it got removed the plaintiff wanted to add a a federal claim that it could not have brought in state court supreme court said the federal rules of procedure apply and they apply as soon as it gets removed and therefore they can amend well it's the same thing here the federal rules of bankruptcy apply as soon as this case got removed from state court now the defendants acknowledge that but they say all the rules except 7004 your honor that's what apply and finally my friend on the other side said that he invoked almost the eerie doctrine that there has to be a similar outcome between state and federal as the supreme court recognized and guaranteed trust that's only in diversity jurisdiction cases thank you your honor all right thank you all very much we appreciate thank you